RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
DANIEL C. TETREAULT, ESQ.
Nevada Bar No. 11473
daniel@ladahlaw.com
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO CABALLERO ARMAS, HIRAM SUAREZ TOLEDO, AND LAURA MORENO LAMAS,<br><br>              Plaintiffs,<br>vs.<br><br>DAVID KENT SIMONS; NELSON'S INC. DOES I THROUGH X, Inclusive; and Roe Business Entities I through X, inclusive,<br><br>              Defendants. | Case No.   2:24-cv-1997-CDS-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiffs, Roberto Caballero Armas, Hiram Suarez Toledo, And Laura Moreno Lamas (collectively "Plaintiffs") and Defendants, David Kent Simons and Nelson's Inc. (collectively "Defendants"), through their respective attorneys of record, hereby jointly stipulate and respectfully request this Honorable Court order a continuance of the discovery deadlines for one-hundred twenty (120) days pursuant to FRCP 26 and Local Rule 26.

   1. **Discovery Completed:** To date, the parties have participated in the 26(f) conference and made initial disclosures of documents and witnesses. To date, the parties have served only initial disclosures. Defendants have propounded written discovery.

. . .

. . .

. . .

. . .

2. **Discovery remaining to be completed:** The parties will continue propounding and responding to written discovery. The parties need to complete the depositions of Plaintiff, percipient fact witnesses, and the 30(b)(6) witness. Additionally, follow-up written discovery, expert disclosures, expert depositions and any and all other additional discovery as necessary still needs to be completed.

3. **Description of why remaining discovery has not been completed within the time limits previously set by the court:**

The parties assert that good cause exists for a one-hundred twenty (120) day extension. The parties have worked diligently and have been compliant with all prior deadlines and there is still months before discovery closes in this matter, however, due to the new circumstances presented, and as set forth in further detail below, the parties jointly submit good cause exists to grant the extension requested.

Local Rule 26-3 governs this Stipulation requesting an extension of expert disclosure deadlines. This Local Rule imposes a good cause standard to earn the extension:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

Here, good cause supports extending the discovery deadlines. Pursuant to Local Rule 26-3, this Stipulation was agreed upon and submitted after 21 days before the first deadline. Due to recent serious medical issues suffered by the handling attorney, Anthony Ashby, Esq., for Plaintiff. Due to these issues, the matter was transferred to a different handling attorney, Daniel C. Tetreault, Esq., at Ladah Law Firm on February 13, 2025. Undersigned counsel requests additional time review the file as well as to conduct necessary discovery as well as determine the necessary experts. The Parties' request is made in good faith and not for purposes of delay

4. **Proposed schedule for completing all remaining discovery:** Based on the foregoing, the parties respectfully request that the Court grant their joint request to extend the discovery deadlines, as follows:

| Description | Current Deadline | ~~Proposed~~ Deadline |
|---|---|---|
| Discovery Cutoff | 4/22/2025 | 8/20/2025 |
| Deadline to Amend Pleadings/Add Parties | 1/22/2025 | 5/22/2025 |
| Initial Expert Deadline | 2/21/2025 | 6/20/2025 |
| Rebuttal Expert Deadline | 3/24/2025 | 7/21/2025 |
| Dispositive Motion Deadline | 5/22/2025 | 9/19/2025 |
| Pre-Trial Order, if no dispositive Motions | 6/23/2025 | 10/20/2025 |

5. A Trial date has not been set in this case. Accordingly, granting the Stipulation will not create unnecessary delay in resolving this case on its merits.

6. The Parties agree that since this is a joint request, no party will be prejudiced if the requested extension occurs.

7. The Parties respectfully request that this Stipulation to Extend Deadlines be granted and that the Court adopt the proposed deadlines listed herein.

Dated this 18th day of February, 2025.

LADAH LAW FIRM

By: /s/ Ramzy P. Ladah
    Ramzy P. Ladah, Esq.
    Nevada Bar No. 11405
    Daniel C. Tetreault, Esq.
    Nevada Bar No. 11473
    517 S. Third Street
    Las Vegas, NV 89101
    *Attorneys for Plaintiff*

Dated this 18th day of February, 2025.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: /s/ Kevin A. Brown
    Michael P. Lowry, Esq.
    Nevada Bar No. 10666
    Kevin A. Brown, Esq.
    Nevada Bar No. 7621
    6689 Las Vegas Boulevard South, Suite 200
    Las Vegas, NV 89119
    *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE

Date: February 18, 2025