# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Roberto Caballero Armas, et al.,

           Plaintiffs

v.

David Kent Simons, et al.,

           Defendants

Case No. 2:24-cv-01997-CDS-EJY

**Order Granting Defendants' Unopposed Motion for Summary Judgment**

[ECF No. 21]

Plaintiffs Roberto Caballero Armas, Hiram Suarez Toledo, and Laura Moreno Lama, bring this is a negligence action arising out of a car accident that took place around December 12, 2022, on the I-15 in Clark County, Nevada, against defendants David Kent Simons and Nelson's, Inc. *See* Compl., ECF No. 1-2. The defendants removed this action on October 24, 2024. *See* Pet. for removal, ECF No. 1. On July 17, 2025, the defendants moved for summary judgment, arguing that the plaintiffs failed to respond to requests for admission (RFA) such that, pursuant to Federal Rule of Civil Procedure (FRCP) 36, the plaintiffs have admitted that neither defendant owed the plaintiffs a duty of care and that they did not sustain any damages or injuries as a result of the car accident. *See* Mot. for summ. j., ECF No. 21. Consequently, the plaintiffs can no longer prove essential elements of their claims. *See id.* Any opposition to the motion was due August 7, 2025. *See id.*; Local Rule 7-2(b) ("The deadline to file and serve any points and authorities in response to a motion for summary judgment is 21 days after service of the motion."). To date, the motion remains unopposed. For the reasons stated herein, I grant defendants' motion for summary judgment.

## I. Relevant procedural history

After this action was removed, the plaintiffs' counsel moved to withdraw. Mots., ECF Nos. 13, 15. U.S. Magistrate Judge Elayna J. Youchah granted the withdrawal motion on April 16, 2025. *See* Min. order, ECF No. 16. In her order granting withdrawal, she stayed discovery for thirty days to allow the plaintiffs to retain new counsel if they choose to do so. *Id.* She also directed a copy of the order to be mailed to the plaintiffs. *Id.* That order did not return undeliverable.

Then, on June 24, 2025, Judge Youchah granted the defendants' unopposed motion to extend discovery (ECF No. 18). *See* June 24, 2025 Min. order, ECF No. 19. In the order granting the defendants' motion, Judge Youchah adopted the defendants' proposed discovery plan and scheduling order. *Id.* A copy of that order was mailed to the plaintiffs at the same address as the prior order, but the order returned undeliverable as to plaintiffs Laura Lamas and Roberto Armas on July 10, 2025. ECF No. 20.

The defendants then filed their motion for summary judgment. ECF No. 21. As explained in the defendants' motion, they served requests for admission to each plaintiff on May 23, 2025, by mailing them to the last known address, but the requests addressed to plaintiff Hiram Toledo was returned. *See id.* at 2. The defendants also emailed the requests to each plaintiff at the email addresses listed in their prior counsel's motion to withdraw.[1] *Id.* When the plaintiffs failed to timely respond, counsel for the defendants emailed the plaintiffs a second time and explained that "[i]f we do not have any responses by July 10, 2015 we will proceed to file a motion to have your case dismissed by the court." *Id.* at 3. None of the emails returned undeliverable, and defendants never received a response to their emails. *See id.*

---

[1] *See* Notice, ECF No. 17.

To date, the plaintiffs have neither updated their addresses[2] nor responded to the motion for summary.

## II.    Legal standard

### A.  Summary judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, indicates "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Because the plaintiffs bear the burden of proof at trial, a moving defendant need only point to an absence of evidence on an element of the plaintiffs' case. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250–51. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

---

[2] Local Rule IA 3-1 states, "An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As FRCP 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact," then "the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

### B.  Requests for admission

When a party fails to timely respond to requests for admission, the matters requested are automatically deemed admitted. *See* Fed. R. Civ. P. 36(a)(3); *Conlon v. United States*, 474 F.3d 616, 619 (9th Cir. 2007) (holding that a failure to respond to requests for admissions within the prescribed time period will result in the matters set forth in the request for admissions to be admitted for purposes of summary judgment).

### III.  Discussion

To resolve the defendants' motion, the court first addresses what the plaintiffs must prove at trial be successful on their claims, of which there are three: negligence/negligence per se, negligent entrustment, and negligent hiring, training, retention, supervision, and policies/procedures. *See* ECF No. 1-2.

To prevail on a negligence claim, the plaintiffs must prove "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (2009).

4

To prevail on a negligence per se claim, a plaintiff must prove that (1) he or she belongs to a class of persons that a statute is intended to protect, (2) the plaintiff's injuries are the type the statute is intended to prevent, (3) the defendant violated the statute, (4) the violation was the legal cause of the plaintiff's injury, and (5) the plaintiff suffered damages. *Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (1997).

To prove negligent entrustment, the plaintiff must prove, "whether an entrustment actually occurred, and whether the entrustment was negligent." *Zugel by Zugel v. Miller*, 688 P.2d 310, 313 (1984). This theory applies "where one who has the right to control [an instrumentality] permits another to use it in circumstances where he knows or should know that such use may create an unreasonable risk of harm to others." *Goggin v. Enter. Leasing Co.-W., LLC*, 324 F. Supp. 3d 1179, 1182 (D. Nev. 2018) (quoting *Mills v. Continental Parking Corp.*, 475 P.2d 673, 674 (Nev. 1970)).

And finally, to prevail on their negligent hiring, training, retention, supervision, and policies/procedures claim,[3] the plaintiffs have to prove two sets of elements because Nevada does not recognize a joint claim as pled here. Rather, Nevada recognizes two separate torts: one for negligent hiring, and one for negligent training, supervision, and retention. *See Sanchez v. Albertson's LLC*, 2022 WL 2982926, at *2 (D. Nev. July 27, 2022) (citing *Vaughan v. Harrah's Las Vegas, Inc.*, 238 P.3d 863 (Nev. 2008)) (explaining that Nevada recognizes two separate torts, one for negligent-hiring claim and one for negligent training, supervision, and retention). So, to prove a negligent hiring, the plaintiffs must establish: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013). "Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Id.*

---

[3] It is unclear what plaintiffs meant when pleading "policies/procedures." The court broadly construes this language as part of the negligent training and supervision claim.

For negligent training, supervision, the plaintiffs must prove: "(1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation." *Sanchez*, 2022 WL 2982926, at *2. Nevada recognizes that an "employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996).

The defendants move for summary judgment based on deemed admissions of fact under FRCP 36, which they argue negate essential elements of each claim. *See* ECF No. 21. As set forth in their summary judgment motion, the defendants' served the plaintiffs with the following RFA:

1.    Admit David Simons did not breach any duty of care he may have owed to you.
2.    Admit Nelson's, Inc. did not breach any duty of care it may have owed to you.
3.    Admit that you did not sustain any damages or injuries from any alleged breach of a duty of care owed by David Simons
4.    Admit that you did not sustain any damages or injuries from any alleged breach of a duty of care owed by Nelson's, Inc.

*Id.* at 2. The defendants argue that because the plaintiffs failed to respond to the RFAs, the requests are deemed admitted. *Id.* at 3. They contend that, as a result, the plaintiffs cannot prove essential elements of their claims, so summary judgment in their favor is warranted. *Id.* Because the defendants would not bear the burden of proof at trial, in order to be entitled to summary judgment they need only demonstrate that plaintiffs failed to make a showing sufficient to establish an element essential to their case, or present evidence negating an essential element of plaintiffs' negligence claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Because the plaintiffs failed to respond to the RFAs, they also failed to sufficiently establish evidence to

support the duty element of plaintiffs' negligence claims,[4] the injury element for plaintiffs' negligent hiring and negligent training and supervision claims. Indeed, there is no evidence to support those elements, and their failure to respond to the RFAs deems the lack of duty and injury admitted. Consequently, defendants are entitled to summary judgment.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the defendants' motion for summary judgment **[ECF No. 21] is GRANTED.**

The Clerk of Court is kindly directed to enter judgment in favor of the defendants and to close this case.

Dated: March 16, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] While "duty" is not an explicit element of negligent entrustment, it is an implicit one because negligent entrustment requires proof of the owner's own negligence in making the entrustment decision. *See Garcia v. Awerbach*, 463 P.3d 461 (Nev. 2020).